UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MISSOURI
EASTERN DIVISION

RICCO PEREZ JOHNSON,         )
                              )
           Movant,        )
                              )
           v.            )   No.   4:12-CV-867 (CEJ)
                              )
UNITED STATES OF AMERICA,     )
                              )
          Respondent.     )

## MEMORANDUM

This matter is before the court on the motion of Ricco Perez Johnson to vacate, set aside, or correct sentence, pursuant to 28 U.S.C. § 2255. The United States has filed a response in opposition. Also before the court is Johnson's amended motion to vacate which includes an additional claim of ineffective assistance of counsel.

### I. Background

On January 18, 2011, Johnson pled guilty to conspiracy to distribute and possess with intent to distribute more than 1,000 kilograms of marijuana (Count I) and conspiracy to manufacture more than 1,000 marijuana plants (Count II), in violation of 21 U.S.C. § 846. The penalties for each offense included a term of imprisonment of not less than ten years and not more than life.

According to the presentence report, Johnson had a prior felony conviction for possession of a controlled substance with intent to distribute and a felony conviction for distribution of marijuana. Thus, the court determined that Johnson was a

career offender as defined in U.S.S.G. § 4B1.1 (2010).[1]  Johnson's attorney did not object to the career offender designation.[2] Based on a criminal history category of VI and a total offense level of 34, the applicable guideline imprisonment range was 262 to 327 months.   On May 9, 2011, the court sentenced Johnson to a 200-month term of imprisonment.

Immediately after sentencing, counsel for Johnson filed a Certification of Compliance with Local Rule 12.07(A), bearing Johnson's signature and indicating that a notice of appeal would be filed.[3]  In a letter dated May 12, 2011, defense counsel wrote:

> **To date I have already file [sic] our 12.7(a) Notice of Compliance advising that I have informed you of all appellate rights including those waived and you have initially requested that you would be interested in filing a Notice of Appeal of your sentence.  Please be reminded that you did indeed waive certain rights to appeal your sentence except for issues pertaining to a finding of a career offender status and/or criminal history category.  As such, I will be making arrangements to discuss with you in detail any decisions to appeal your sentence before making that final decision.**

In a letter dated June 7, 2011, defense counsel wrote:

> **At this juncture, based on my understanding of our last conversation I have not filed a specific Notice of Appeal on your**

---

[1]      Under U.S.S.G. § 4B1.1, a defendant who pleads or is found guilty of a felony controlled substance offense and who has two prior convictions for a felony controlled substance offense is a career offender.   Distribution of or possession of a controlled substance with intent to distribute is a "controlled substance offense" as defined in U.S.S.G. § 4B1.2.

[2]      Defense counsel objected only to the application of the firearm adjustment under U.S.S.G. § 2D1.1(b)(1).

[3]      Local Rule 12.07(A) provides that, after judgment is entered in criminal case, the defense attorney must file either (1) a notice of appeal, (2) a notice signed by the defendant stating that no notice of appeal will be filed, or (3) a notice signed by the attorney stating that the defendant understands his right to appeal and has not requested that a notice of appeal be filed on his behalf.

**behalf based on the plea agreement at issue relative to the sentence imposed which involve [sic] a departure and/or variance from the suggested guideline range.**

There was no appeal of the judgment.

Johnson filed a motion to vacate on May 10, 2012 in which he asserted two claims of ineffective assistance of counsel. On January 13, 2015, Johnson filed a motion for leave to amend his § 2255 motion by asserting a third ineffective assistance claim. Leave to amend was summarily granted on August 7, 2015.

## II. Discussion

To prevail on a claim of ineffective assistance of counsel, a movant must show that his attorney's performance fell below an objective standard of reasonableness and that he was prejudiced thereby. Strickland v. Washington, 466 U.S. 668, 687 (1984). With respect to the first Strickland prong, there exists a strong presumption that counsel's conduct falls within the wide range of professionally reasonable assistance. Id. at 689. In Strickland, the Court described the standard for determining an ineffective assistance claim:

> [A] court deciding an actual ineffectiveness claim must judge the reasonableness of counsel's challenged conduct on the facts of the particular case, viewed as of the time of counsel's conduct. A convicted defendant making a claim of ineffective assistance must identify the acts or omissions of counsel that are alleged not to have been the result of reasonable professional judgment. The court must then determine whether, in light of all the circumstances, the identified acts or omissions were outside the wide range of professionally competent assistance. In making that determination, the court should keep in mind that counsel's function, as elaborated in prevailing professional norms, is to make the adversarial testing process work in the particular case. At the same time, the court should recognize that counsel is strongly presumed to have rendered adequate

> assistance and made all significant decisions in the exercise of reasonable professional judgment.

Strickland, 466 U.S. at 690.

To establish the "prejudice" prong, the movant must show "that there is a reasonable probability that, but for counsel's unprofessional errors, the result of the proceeding would have been different. A reasonable probability is a probability sufficient to undermine confidence in the outcome." Id. at 694. In order to show prejudice in the context of a guilty plea, the movant must show that there is a reasonable probability that, but for counsel's errors, he would have not pleaded guilty, but instead would have proceeded to trial. Hill v. Lockhart, 474 U.S. 52, 59 (1985); United States v. Davis, 583 F.3d 1081, 1091 (8th Cir. 2009); United States v. Nesgoda, 559 F.3d 867, 870 (8th Cir. 2009). The failure to show prejudice is dispositive, and a court need not address the reasonableness of counsel's performance in the absence of prejudice. United States v. Apfel, 97 F.3d 1074, 1076 (8th Cir. 1996).

### A. Failure to object to career offender designation

Johnson's first claim is that his attorney's failure to object to the career offender designation constituted ineffective assistance.

According to the presentence report, Johnson had a 2008 New Mexico conviction for distributing marijuana. He contends that the state offense was part of the conspiracy in the federal case and should have been viewed as relevant conduct instead of as separate crime for purposes of determining his status as a career offender. He asserts that his attorney's failure to raise this issue constitutes deficient representation. Johnson also had a 2003 Oklahoma conviction for

possession with intent to distribute marijuana. This and the New Mexico conviction constituted the predicate offenses for the career offender designation. Johnson states that he did not admit guilt to "any of the essential elements" of the two state crimes and, therefore, his attorney should have argued against their being counted as predicate offenses under U.S.S.G. § 4B1.1.

The career offender guideline applies if a defendant has at least two prior felony convictions for a controlled substance offense. Here, Johnson does not dispute that the New Mexico and Oklahoma crimes were controlled substance offenses. Further, he does not contend that he was not convicted of these offenses. He merely asserts that he didn't admit guilt to all of the elements of the crimes. A conviction for a controlled substance offense that results from an <u>Alford</u> plea is a predicate offense for purposes of the career offender guideline. <u>See</u> <u>State v. Linngren,</u> 652 F.3d 868, 872, fn. 5 (8th Cir. 2011), *cert. denied* 132 S.Ct. 1594 (2012), *citing* <u>United States v. Vinton</u>, 631 F.3d 476, 486 (8th Cir. 2011) (" 'It is well-established that an *Alford* plea, like other guilty pleas, results in a conviction, and we have said that *Alford* pleas are indistinguishable from other guilty pleas when determining whether a conviction qualifies as a predicate offense to enhance a sentence.") Thus, Johnson's state court convictions—whether they resulted from a an <u>Alford</u> plea, or a jury verdict—were properly considered. Additionally, even if the court had considered Johnson's New Mexico conviction as relevant conduct, doing so would not preclude the court from considering it for career offender purposes.

Johnson has not shown a reasonable probability that the outcome of the case would have been different if his attorney had objected to the career offender designation on the grounds asserted in his motion, nor does he .  Therefore, he is not entitled to relief on this claim.

### B.  Failure to object to calculation of criminal history points

Johnson was assessed two criminal history points under U.S.S.G. § 4A1.1(d) based on the fact that he was on probation at the time he committed the offenses in Counts I and II.  He argues that his attorney should have objected to this assessment.  As discussed above, Johnson was a career offender.  Consequently, his criminal history category was VI, regardless of the number of criminal history points assessed.  U.S.S.G. § 4B1.1(b) ("A career offender's criminal history category in every case  . . . shall be Category VI.").  An objection to the two points assessed under § 4A1.1(d), if sustained, would not have changed Johnson's criminal history category.  Defense counsel cannot be faulted for not making a futile objection.

### C.  Failure to file notice of appeal

Johnson's third ground for relief is that his attorney failed to file a notice of appeal.  He asserted this claim for the first time in the amended motion to vacate that was filed on January 13, 2015.  The government argues that the claim should be rejected as untimely.  Johnson requested and was granted additional time to file a reply to the government's response.

A one-year period of limitation applies to motions for relief under § 2255.  28 U.S.C. § 2255(f).  The one-year period begins to run---as relevant here---from the

date on which the judgment of conviction became final. 28 U.S.C. § 2255(f)(1). In the instant case, because Johnson did not seek appellate review, his conviction became final on May 23, 2011, when the 14-day period for filing a notice of appeal expired. Fed.R.App.P. 4(b)(1)(A), 26(a). See Murray v. United States, 313 Fed. Appx. 924 (8th Cir. 2009)(when defendant did not file direct appeal, his conviction became final upon expiration of the time for filing notice of appeal) [*citing* Anjulo-Lopez v. United States, 541 F.3d 814, 816 n. 2 (8th Cir. 2008)]. The one-year period of limitation expired on May 24, 2012. Therefore, any claim for relief under § 2255 had to be filed by that date.

Johnson's original motion to vacate was timely filed, but the amended motion was not filed until almost two years after the deadline. Notwithstanding the late filing, the ineffective assistance claim raised in the amended motion may be considered if it relates back to back to the ineffective assistance claims raised in the original motion. Relation back is permitted if the amended claim only serves to add additional facts and specificity to the original claim. See, e.g., Mandacina v. U.S., 328 F.3d 995, 1000 (8th Cir.), *cert. denied,* 540 U.S. 1018 (2003). An amendment relates back only if the arises out of the same conduct, transaction, or occurrence as the original claim. Id. Thus, for example, in Mandacina, the court found that a prisoner's expanded Brady claim set forth in his amended motion related back to the Brady claim he asserted in his original motion, as the two claims were "factually similar in terms of both 'time and type'." Id. at 1001. By contrast, however, a new claim of ineffective assistance of counsel will not be deemed to relate back to an earlier ineffective assistance claim of a different type. Id. at 1002 (claim of

ineffective assistance based on counsel's failure to discover exculpatory footprint evidence was not sufficiently similar in time and type to ineffective assistance claim base on counsel's failure to investigate information in a witness interview report).

In United States v. Hernandez, 436 F.3d 851, 858 (8th Cir. 2006), the prisoner filed a timely § 2255 motion claiming that defense counsel was ineffective for failing to object to the admission of evidence that lacked a proper foundation. Later, after the limitations period had expired, the prisoner sought to amend his motion to present a second claim of ineffective assistance, this time based on counsel's failure to effectively cross-examine two witnesses. The district court dismissed the newly asserted ineffective assistance claim as untimely, and the dismissal was affirmed on appeal. The court of appeals found that the facts alleged in the original claim (which referred to admission of evidence) "were not such that would put the opposition on notice that cross-examination of witnesses [alleged in the newly asserted claim] was at issue." Id. at 858. (*citing* Mandacina, 328 F.3d at 1000) motion held that the two claims of ineffective assistance were "not similar enough to satisfy the 'time and type' test" and did not "arise out of the same set of operative facts." Id.

Similarly, in United States v. Craycraft, 167 F.3d 451 (8th Cir. 1999), the court held that an amended ineffective assistance claim based on counsel's failure to file an appeal did not relate back to the original ineffective assistance claims based on counsel's failure to challenge the drug classification and failure to request a downward departure. Id. at 457. In reaching its decision, the court wrote:

> Failing to file an appeal is a separate occurrence in both time and type
> from a failure to pursue a downward departure or failure to object to

the type of drugs at issue.  We cannot say that [the] original petition would provide notice of such a different sort or theory.  Therefore, the amendment cannot relate back under Rule 15(c) [of the Federal Rules of Civil Procedure] and it must be time barred.  It follows that the District Court lacked jurisdiction under the statute to hear this claim. . .

Id.

Here, Johnson's amended ineffective assistance claim based on failure to file an appeal is not an expansion of or in any way similar in time and type to his original ineffective assistance claims based on failure to object to the career offender designation and the criminal history points calculation.  As such, the amended claim is time-barred.

The limitations period under the AEDPA may be equitably tolled "under limited conditions, for example, where 'extraordinary circumstances' beyond a prisoner's control prevent the timely filing."  Gassler v. Bruton, 255 F.3d 492, 495 (8th Cir. 2001).  *See also*, United States v. Martin, 408 F.3d 1089, 1092 (8th Cir. 2005) (doctrine of equitable tolling is applicable in § 2255 proceedings).  To avail himself of equitable tolling, a prisoner must demonstrate the existence of the extreme circumstances and that he acted with due diligence in pursuing the motion.  E.J.R.E. v. United States, 453 F.3d 1094, 1098 (8th Cir. 2006).  However, as equitable tolling is a narrow window of relief, the court will toll the limitations period only if the extraordinary circumstances made filing a timely motion completely impossible.  Jihad v. Hvass, 267 F.3d 803, 805 (8th Cir. 2001); Kreutzer v. Bowersox, 231 F.3d 460, 463 (8th Cir. 2000).

The letter written by defense counsel establishes that Johnson knew as early as June 2011 that no appeal had been filed.  This was almost a year before he filed

his original motion to vacate. Johnson's reply to the government's response does not contain any explanation for the late-filed amendment. Based on the record before the court, there were no impediments that prevented Johnson from asserting the ineffective assistance/failure to appeal claim in the original motion. Johnson has not made the requisite showing of extraordinary circumstances to justify tolling the limitations period. Consequently, the court will not consider the claim asserted in the amended motion.

### III. Conclusion

For the reasons set forth above, the court concludes that motions and the files and records of this case conclusively show that Johnson is not entitled to relief under 28 U.S.C. § 2255 based on any of the claims he asserts. Therefore, the motion and amended motion to vacate will be denied without a hearing. See Engelen v. United States, 68 F.3d 238, 240 (8th Cir. 1995). Additionally, the court finds that Johnson has not made a substantial showing of the denial of a constitutional right. Therefore, the court will not issue a certificate of appealability. See 28 U.S.C. § 2253.

An order consistent with this memorandum opinion will be filed separately.

_____
CAROL E. JACKSON
UNITED STATES DISTRICT JUDGE

Dated this 1st day of October, 2015.